E-FILED
Friday, 07 October, 2011  02:43:13 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| RYAN MATHISON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 11-1166 |
| | ) | |
| RICARDO RIOS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

Before the Court is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Ryan Mathison ("Mathison"). For the following reasons, the Petition [#1] is DENIED.

## BACKGROUND

Mathison was convicted in the Northern District of Iowa on charges of operating a continuing criminal enterprise in violation of 21 U.S.C. § 848(a) and (C); conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(I); and filing false tax returns in violation of 26 U.S.C. §7206(1). He was sentenced to 31 years' imprisonment and is currently incarcerated at FCI Pekin.

On August 19, 2009, Mathison was involved in an altercation with another inmate and was charged with fighting under BOP Code 201. BOP Sports Specialist Ioerger observed Mathison and another inmate hitting each other on a handball court and directed them to stop. Mathison then threw the other inmate to the ground. Mathison received a copy of this incident report on August 22, 2009. On August 25, 2009, the Unit Disciplinary Committee ("UDC") held

a hearing. Mathison claimed that he was only acting in self defense after being struck by the other inmate. The UDC referred the matter to the Disciplinary Hearing Officer ("DHO") for further hearing.

A due process hearing was held before the DHO on October 1, 2009. Mathison does not deny that he received notice of the hearing, was presented with a copy of the incident report, and was informed of his rights prior to appearing before the DHO. He waived his right to have a staff member representative at the hearing and indicated that he did not wish to call any witnesses. Mathison appeared at the hearing and gave a statement. He stated, "I was attacked and I was totally defending myself. He hit me in the mouth and I took him down and held him there."

The DHO found that Mathison had engaged in fighting and sanctioned him 14 days loss of good conduct time, 90 days loss of commissary privileges (suspended pending 90 days clear conduct), and 90 days loss of visitation privileges. The DHO based his decision on Mathison's statements during the hearing and to the UDC, the incident report based on the written statement of Sports Specialist Ioerger, and the August 19, 2009 medical assessments indicating injuries consistent with an altercation.

On October 26, 2009, Mathison filed an appeal to the North Central Regional Office, arguing that based on camera evidence and the statements of the two inmates involved, it was clear that he was acting in self defense. In addressing the appeal, the Regional Director noted that the incident report indicated that Mathison and the other inmate were observed striking each other in the upper torso with closed fists prior to Mathison grabbing the other inmate and tossing him to the ground. Both inmates had injuries consistent with a physical altercation, and the

2

referenced video footage was not available.  Accordingly, it was determined that his actions did not constitute self defense.

On December 11, 2009, Mathison filed a Central Office Administrative Remedy Appeal raising essentially the same argument as he raised in his previous appeal.  In denying the appeal, the Administrator of National Inmate Appeals found that the DHO's decision was supported by the greater weight of the evidence as detailed in the DHO report and that the DHO's determination was reasonable.  It was further found that administrative procedures were substantially followed and that his Due Process rights were upheld during the process.

Mathison filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  In his petition, he argues that the BOP failed to protect him by knowingly placing the other inmate in general population despite that inmate's history of assaults and mental instability.  Although the petition gives the impression of pursuing a § 1983 claim for damages, Mathison subsequently clarified that he is only seeking the reversal of the disciplinary action imposed against him.  The Government responded to his petition, and this Order follows.

## DISCUSSION

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement.  *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994).  The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §2241(c)(3). "Such relief is obtainable, however, only after a prisoner exhausts administrative remedies." *Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992).

3

The practical and realistic considerations underlying our penal system restrict the rights and privileges afforded to a lawfully imprisoned inmate more so than that of an ordinary citizen. *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings do not apply.  *Morrissey v. Brewer*, 408 U.S. 471, 488 (1972).  However, the needs of an institutional environment are never so great that a prisoner is wholly stripped of all constitutional protections at the jailhouse door. *Id.*  There is "no iron curtain drawn between the Constitution and the prisons of this country." *Id.* at 555–56.  Prisoners may never be deprived of life, liberty, or property without the due process of law.  *Haines v. Kerner*, 404 U.S. 519 (1972).

Mathison's argument is that his rights were violated because the DHO found him guilty of the Code violation alleged despite evidence to the contrary and that the BOP was negligent or deliberately indifferent in failing to protect him from assault by the other inmate.  To the extent that he now asserts a deliberate indifference claim based on a failure to protect, he has failed to exhaust his claim.  His underlying administrative appeals were based on his claim of being actually innocent of fighting because he was engaging only in self defense.  As a result, he is barred from pursuing any deliberate indifference claim in the present petition under *Carnine*.

It is well-settled that the DHO's decision satisfies due process if it is supported by some evidence in the record.  *Henderson v. U.S. Parole Com'n*, 13 F.3d 1073, 1077 (7th Cir. 1994). This "some evidence" standard requires the Court to determine whether there is any evidence in the record that could support the DHO's conclusion.  *Id.*  In ascertaining whether this standard has been met, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good-time credits has some factual basis.

4

*Superintendent, Mass. Correctional Inst., Walpole v. Hill*, 472 U.S. 445, 455–56 (1985). In the context of a prison disciplinary proceeding, due process is satisfied as long as "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Meeks v. McBride*, 81 F.3d 717, 719 (7th Cir. 1996). Therefore, the DHO's decision will only be overturned if no reasonable adjudicator could have found Mathison guilty of the offense on the basis of the evidence presented. *Henderson*, 13 F.3d at 1077.

In this case, there is clearly some evidence to support the DHO's finding that Mathison was guilty of the offense of fighting. Specifically, the record contains the eye witness report of a staff member observing both inmates striking each other with closed fists and the medical report finding injuries on both inmates consistent with having been involved in a fight. In light of this evidence, the standard required by *Henderson* is more than satisfied, and a reasonable adjudicator could have found that Mathison was guilty of fighting. He is therefore not entitled to federal habeas relief as requested.

## CONCLUSION

For the forgoing reasons, Mathison's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [#1] is DENIED. This matter is now terminated.

ENTERED this 7th day of October, 2011.

s/ James E. Shadid
James E. Shadid
United States District Judge

5